# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIKA ROBLES, surviving next of kin of, ORLANDO ROBLES, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>MVT SERVICES, LLC, JUAN GARCIA, LIMA TRUCK SALES, INC., AMILCAR ESTRADA, DMT SERVICES, INC., and MARK GAITHE,<br><br>    Defendants. | Case No.  CIV-20-1225-SLP<br><br>(*removed from Sequoyah County District Court Case No. CJ-2020-137*) |

## NOTICE OF REMOVAL OF DEFENDANTS
## MVT SERVICES, LLC AND JUAN GARCIA

Defendants MVT Services, LLC ("MVT") and Juan Garcia hereby remove Case No. CJ-20-137 from the District Court of Sequoyah County, State of Oklahoma, to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. In support of removal, Defendants respectfully submit the following:

### Facts Supporting Removal

1. On November 10, 2020 Plaintiff Erika Robles filed a Petition against Defendants in the District Court of Sequoyah County, State of Oklahoma, entitled *Erika Robles v. MVT Servs. LLC, et al.*, Case No. CJ-20-137. A copy of the Petition setting forth Plaintiff's claims for relief against Defendants is attached hereto as Exhibit 1.

1

2. MVT was served with a copy of Plaintiff's Petition and a Summons on November 24, 2020.

3. This Notice of Removal is being filed within thirty days after Defendants' receipt of an "order or other paper from which it could first be ascertained that the case is one which or has become removable." 28 U.S.C. § 1446(b).

4. Plaintiff asserts claims for negligence and gross negligence, alleging that Defendants' acts proximately caused the personal injury and death of Orlando Robles. The Petition demands actual damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code. (Exhibit 1 at ¶ 13).

### *The Parties*

5. The Petition alleges that Plaintiff is a resident of Texas. (*Id.* at ¶ 1).

6. Defendant MVT is a limited liability company organized under the laws of New Mexico. (Exhibit 1 at ¶ 2).

7. Defendant Juan Garcia is a resident of Texas. (*Id.* at ¶ 3).

8. Defendant Lima Truck Sales, Inc. is a corporation organized under the laws of California. (*Id.* at ¶ 4).

9. Defendant Amilcar Estrada is a resident of California. (*Id.* at ¶ 5).

10. Defendant DMT Services, Inc. is a corporation organized under the laws of Arkansas. (*Id.* at ¶ 6).

11. Defendant Mark Gaithe is a resident of Arkansas. (*Id.* at ¶ 7).

### *Jurisdiction and Venue*

12. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and, as detailed below, there is complete diversity between the Plaintiff and all properly joined Defendants. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and this action may be removed pursuant to 28 U.S.C. § 1441(a).

13. Venue is proper in this Court under 28 U.S.C. § 1441(a), as the District Court of Sequoyah County, Oklahoma is within the United States District for the Eastern District of Oklahoma.

### *State Court Pleadings*

14. Copies of all papers and pleadings filed in the District Court of Sequoyah County, Oklahoma, including the docket sheet, are attached to this notice. Exhibit 1, Petition; Exhibits 2-8, Pleadings; Exhibit 9, Docket Sheet.

15. A copy of this Notice of Removal is being served on Plaintiff's counsel of record and is being filed with the Clerk of the District Court of Sequoyah County, Oklahoma, pursuant to 28 U.S.C. §1446(a) and (d).

### *Arguments & Authorities*

16. The joinder of Juan Garcia, a resident of Texas like the Plaintiff, does not defeat complete diversity because he, as well as his employer MVT, are fraudulently joined.

17. "The Supreme Court has recognized that a defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Crittenden v. Glanz*, 2012 U.S. Dist. LEXIS 106062, at **5-6, 2012

3

WL 3101806 (N.D. Okla. July 31, 2012) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921)).

18. "Defendants can prove fraudulent joinder by showing that either: (1) plaintiffs' jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiffs have no possibility of recovery against the non-diverse defendant." *Id.* (citing *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)).

19. "Generally, the Oklahoma Workers' Compensation Act provides the exclusive remedy for employees injured while working in the scope of their employment and bars lawsuits for damages caused by negligence." *Cudd Pressure Control, Inc. v. N.H. Ins. Co.*, 645 Fed. Appx. 733, 738-39, 2016 U.S. App. LEXIS 6888, at *12 (citing *Parret v. UNICCO Serv. Co.*, 2005 OK 54, 127 P.3d 578; 85(A) O.S. § 5(A)).

20. When the accident occurred, both Garcia and the decedent Orlando Robles were acting as agents on behalf of MVT. (Ex. 10, Affid. of Rosanna Castro at ¶ 2).

21. Mr. Garcia was driving a vehicle west on I-40 while under dispatch for MVT, hauling automotive parts. (*Id.* at ¶ 3)

22. Mr. Robles was riding with Mr. Garcia. (*Id.* at ¶ 4).

23. As part of his job duties, Mr. Robles was required to ride with his trainer, a co-employee, and take his DOT mandated rest period in the sleeper berth while Garcia drove. (*Id.* at ¶ 5).

24. Plaintiff's only claims against Garcia and MVT are therefore barred by the exclusive remedy of workers' compensation.

4

25. Plaintiff's allegation that Defendants' conduct was grossly negligent, wanton, willful, and/or intentional does not remove the MVT/Garcia claims from the ambit of workers' compensation. (Exhibit 1 at ¶ 15).

26. In *Farley v. City of Claremore*, 2020 OK 30, 465 P.3d 1213, the Oklahoma Supreme Court rejected the argument that plaintiffs can split their claims arising from employment injuries, pursuing damages for intentional injury in the district court and pursuing damages for all other claims in worker's compensation.

27. Plaintiff therefore has no claim against, and no possibility of recovery against MVT or Garcia, the non-diverse defendant, and removal is proper.

28. Furthermore, 28 U.S.C. § 1445(c) does not bar removal. Section 1445(c) provides that "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

29. Because Plaintiff also alleges tort claims against defendants other than Plaintiff's employer MVT, Section 1445(c) does not prohibit removal. *See Toney v. Lowery Woodyards*, 278 F. Supp. 2d 786 (S.D. Miss. 2003), cited in 28 U.S.C. § 1445 (notes to decisions) ("28 USCS § 1445(c) did not preclude removal of former employee's suit alleging bad faith refusal to pay workers' compensation benefits, as such cause of action did not arise under Mississippi Workers' Compensation Act but instead arose under state's general tort law.").

**WHEREFORE**, Defendants respectfully request that this action be removed to this Court for further proceedings.

Dated this 4th day of December, 2020.

                                  Respectfully submitted,

                                  FRANDEN | FARRIS | QUILLIN
                                     GOODNIGHT + ROBERTS

                                  s/ *Jason Goodnight*
                            Jason Goodnight, OBA #19106
                            Jennifer Ary Brown, OBA #22475
                            Phillip B. Wilson, OBA #33643
                            Two West Second Street, Suite 900
                            Tulsa, OK  74103-3101
                            Telephone:  918/583-7129
                            Facsimile:   918/584-3814
                            jgoodnight@tulsalawyer.com
                            jary@tulsalawyer.com
                            pwilson@tulsalawyer.com
                            ***Attorney for Defendants***

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 4th 2020, I electronically transmitted the foregoing document to the Clerk of Court and mailed a true and correct copy, properly addressed and postage fully prepaid to:

Tony W. Edwards
Matthew B. Patterson
EDWARDS AND PATTERSON
321 S. Third, Ste. 1
McAlester, OK 74501



                                                         *s/ Jason Goodnight*