

# IN THE DISTRICT COURT OF SEQUOYAH COUNTY

## STATE OF OKLAHOMA

ERIKA ROBLES, surviving next of kin of )
ORLANDO ROBLES, deceased, )
                                      )
         Plaintiff, )
                                        )
vs. )    Case No. CJ-20-137
                                        )
MVT SERVICES LLC, JUAN GARCIA, )
LIMA TRUCK SALES, INC., AMILCAR )
ESTRADA, DMT SERVICES, INC., and )
MARK GAITHE, )
                                        )
         Defendants. )

SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

NOV 10 2020

VICKI BEATY, COURT CLERK

BY_____DEPUTY

## PETITION

## COUNT I

Plaintiff states:

1. Plaintiff, Erika Robles ("Plaintiff") is the surviving next of kin of Orlando Robles, deceased. Plaintiff is a resident of Texas. This action is brought on behalf of all surviving next of kin of Orlando Robles, deceased.

2. Defendant, MVT Services, LLC ("Defendant MVT) is a limited liability company organized under the laws of New Mexico.

3. Defendant, Juan Garcia ("Defendant Garcia") is a resident of Texas.

4. Defendant Lima Truck Sales, Inc. ("Defendant Lima") is a corporation organized under the laws of California.

5. Defendant Amilcar Estrada ("Defendant Estrada") is a resident of California.

**EXHIBIT**

**1**

exhibitsticker.com

1

6.   Defendant DMT Services, Inc. ("Defendant DMT") is a corporation organized under the laws of Arkansas.

7.   Defendant Mark Gaithe ("Defendant Gaithe") is a resident of Arkansas.

8.   On October 28, 2020, at about 4:00 a.m., Defendant Estrada, acting within the scope and course of his agency and/or employment and while driving a box truck furnished to him by Defendant Lima, stopped his truck partially on the shoulder and partially in the outside lane of westbound Interstate 40.

9.   At or near the same time, Orlando Robles, deceased, was a passenger in a tractor trailer driven by Defendant Garcia, the agent, servant and/or employee of Defendant MVT.  Defendant Garcia, acting within the scope and course of his agency and/or employment, and while driving a tractor trailer furnished to him by Defendant MVT, was traveling west on Interstate 40 near mile marker 328 in Sequoyah County, Oklahoma. Defendant Garcia collided with the rear of the stopped box truck.

10. Defendant Gaithe, the agent, servant and/or employee of Defendant DMT, while acting within the scope and course of his agency and/or employment and while driving a tractor trailer furnished to him by Defendant MVT, was also headed westbound on Interstate 40.  Defendant Gaithe was travelling behind the MVT tractor trailer on Interstate 40 and collided with the MVT tractor trailer.

11. The aforementioned collisions caused significant injuries to Orlando Robles, which led to his death.

12. The collision resulted from Defendants' negligence as follows:

    a.   Defendant Garcia failed to avoid the collision with the stopped box truck.

    b.   Defendant Garcia was traveling at a speed wherein he could not stop within the assured clear distance ahead.

c.   Defendant Garcia failed to maintain proper control of the semi-tractor trailer.

d.   Defendant Garcia failed to keep a proper lookout.

e.   Defendant Garcia drove while fatigued.

f.   Defendant MVT furnished a vehicle to Defendant Garcia at a time when it knew or should have known Defendant Garcia was not a careful, safe or competent driver and as a result thereof, persons, including, Orlando Robles were likely to be injured.

g.   Defendant MVT negligently hired, screened, retained, trained and/or instructed Defendant Garcia with regards to the operation of its tractor trailer and his required compliance with state and federal laws.

h.   Defendant MVT failed to supervise Defendant Garcia and enforce proper safety measures or compliance with state and federal laws.

i.   Defendant Estrada drove when he knew or should have known that the vehicle was not safe to operate.

j.   Defendant Estrada stopped his vehicle in an unsafe location.

k.   Defendant Lima furnished a faulty vehicle to Defendant Estrada.

l.   Defendant Lima furnished a vehicle to Defendant Estrada at a time when it knew or should have known Defendant Garcia was not a careful, safe or competent driver and as a result thereof, persons, including, Orlando Robles were likely to be injured.

m. Defendant Lima negligently hired, screened, retained, trained and/or instructed Defendant Estrada with regards to the operation and maintenance of its box truck and his required compliance with state and federal laws.

n.  Defendant Lima failed to supervise Defendant Garcia and enforce proper safety measures or compliance with state and federal laws.

o.  Defendant Gaithe failed to avoid the stopped tractor trailer and box truck.

p.  Defendant Gaithe was traveling at a speed in excess of the posted speed limit and/or at a speed wherein he could not stop within the assured clear distance ahead.

q.  Defendant Gaithe failed to maintain proper control of the semi-tractor trailer.

r.  Defendant Gaithe failed to keep a proper lookout.

s.  Defendant Gaithe drove while fatigued.

t.  Defendant DMT furnished a vehicle to Defendant Gaithe at a time when it knew or should have known Defendant Gaithe was not a careful, safe or competent driver and as a result thereof, persons, including, Orlando Robles were likely to be injured.

u.  Defendant DMT negligently hired, screened, retained, trained and/or instructed Defendant Gaithe with regards to the operation of its tractor trailer and his required compliance with state and federal laws.

v.  Defendant DMT failed to supervise Defendant Gaithe and enforce proper safety measures or compliance with state and federal laws.

13.  As a result of Defendants' negligence, Orlando Robles suffered personal injuries which led to his death.  At the time of his death, Orlando Robles was 38 years of age.  As a result of said injuries, Orlando Robles suffered conscious pain and suffering of mind and body, was permanently injured and died, damaging Plaintiff in an amount in excess of $75,000.00.

4

## COUNT II

14.     Plaintiff for Count II repleads and realleges the allegations of Count I stated herein and states that as a further result of Orlando Robles's death, his surviving next-of-kin have incurred funeral and last illness expenses.   As a further result of Orlando Robles's death, Plaintiff, Erika Robles, surviving spouse of Orlando Robles, and Orland Robles' minor children have suffered grief and loss of consortium/companionship.  As a further result of Orlando Robles's death, all surviving next of kin have lost the support, guidance, training and protection given by Orlando Robles and have lost any future support, guidance, training and protection which would have been given and have suffered grief and loss of companionship damaging the next-of-kin in an amount in excess of $75,000.00.

## COUNT III

15.     Plaintiff for Count III repleads and realleges the allegations of Counts I-II stated herein and states the acts of Defendants were gross, wanton, willful and/or intentional for which punitive damages should be assessed in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount in excess of $75,000.00, together with attorney fees, interest and costs of this action.

Respectfully Submitted,

GLASHEEN, VALLES & INDERMAN, LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401
(806) 776-1332 – Direct
(806) 329-0595 – Facsimile
efile.jmedina@gvilaw.com

*/s/ Jason Medina*
Jason Medina, OBA #30343

*AND*

5

KELLY BISHOP, OBA #15159
T. LUKE ABEL, OBA #21094
ABEL LAW FIRM
900 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 239-7046
(405) 418-0833 (fax)
kbishop@abellawfirm.com
label@abellawfirm.com

**ATTORNEYS FOR PLAINTIFF**

ATTORNEYS' LIEN CLAIMED

6