## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ERIKA ROBLES, surviving next of kin of )
ORLANDO ROBLES, deceased, )
                                   )
        Plaintiff, )
                                     )
vs. )       Case No.  CIV-20-1225-SLP
                                     )     (*removed from Sequoyah County*
MVT SERVICES LLC, JUAN GARCIA, )     *District Court Case No. CJ-2020-137*)
LIMA TRUCK SALES, INC., AMILCAR )
ESTRADA, DMT SERVICES, INC., and )
MARK GAITHE, )
                                     )
        Defendants. )

## PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT

Jason Medina, OBA #30343
GLASHEEN, VALLES, & INDERMAN, LLP
1302 Texas Avenue (79401)
P.O. Box 1976
Lubbock, Texas 79408
Tel: (806) 776-1332
Fax: (806) 329-0595
efile.jmedina@gvilaw.com

Kelly Bishop, OBA #15159
T. Luke Abel, OBA #21094
ABEL LAW FIRM
900 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 239-7046
(405) 418-0833 (fax)
kbishop@abellawfirm.com
label@abellawfirm.com

## <u>**TABLE OF CONTENTS**</u>

Table of Authorities ............................................................................................................ ii

Index of Exhibits ................................................................................................................ vi

Background ......................................................................................................................... 1

- ▪ Orlando Robles ........................................................................................... 1
- ▪ The Crash .................................................................................................... 2
- ▪ The Lawsuit ................................................................................................ 2

Arguments and Authorities ................................................................................................ 4

- ▪ The Law of Removal and Remand ............................................................. 4
- ▪ No Other Defendants Consented to Removal ............................................. 6
- ▪ Defendants Removed this Case to the Wrong District Court ..................... 8
- ▪ Complete Diversity Does Not Exist Between Parties ............................... 10
- ▪ Defendants Cannot Meet the Heavy Burden of Proving Fraudulent Joinder .. 10
- ▪ Plaintiff Pleaded a Viable Claim Against Defendant Garcia Under Oklahoma's Workers' Compensation Law ...................................................................... 14

Conclusion ....................................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Henderson v. Holmes*,
  920 F. Supp. 1184, 1185 (D. Kan. 1996).........................................................4

*Kokkonen v. Guardian Life Ins. Co. of America*,
  511 U.S. 375, 377 (1994)..............................................................................4

*Willy v. Coastal Corp.*,
  503 U.S. 131,136-37 (1992) ..........................................................................4

*Bender v. Williamsport Area Sch. Dist.*,
  475 U.S. 534, 541 (186).................................................................................4

*Turner v. Bank of North America*,
  4 U.S. 8, 11 (1799).........................................................................................4

*Laughlin v. Kmart Corp.*,
  50 F.3d 871, 873 (10th Cir 1995) ..................................................................4

*Fajen v. Found. Reserve Ins. Co.*,
  683 F.2d 331, 333 (10th Cir. 1982) .............................................................4, 5

*McNutt v. General Motors Acceptance Corp.*,
  298 U.S. 178, 182-83 (1936) .........................................................................4

*McPhail v. Deere & Co.*,
  529 F.3d 947, 951 (10th Cir. 2008) ...........................................................5, 10

*Bd of County Comm'rs of Boulder County v. Suncor Energy (U.S.A.) Inc.*,
  965 F.3d 792, 813 (10th Cir. 2020) ................................................................5

*F & S Constr. Co. v. Jensen*,
  337 F.2d 160, 161 (10th Cir. 1964) ................................................................5

*Urban Financial REO, LLC v. Atwood*, No. 19-CV-39, 2019 U.S. Dist. LEXIS 154965,
  2019 WL 4307128, at *1 (N.D. Okla. Sep. 11, 2009) .....................................5

*Warner v. CitiMortgage, Inc.*,
  533 Fed. Appx. 813, 816 (10th Cir. 2013)......................................................5

*Farmland Nat. Beef Packing Co., L.P. v. Stone Container Corp.*,
98 Fed. Appx. 752, 756 (10th Cir. 2004) ................................................................. 5, 6

*Hickey v. Brennan*,
969 F.3d 1113, 1118 (10th Cir. 2020) ............................................................................ 6

*Knight v. Mooring Capital Fund, LLC*,
7449 F.3d 1180, 1183-84 (10th Cir. 2014) .................................................................... 6

*Bruning v. City of Guthrie, Okla.*,
101 F.Supp.3d 1142, 1144 (W.D. Okla. 2015) ............................................................... 6

*Maddox v. Delta Airlines*, No. 10-CV-456, 2010 U.S. Dist. LEXIS 104003,
2010 WL 3909228, at *4 (N.D. Okla. Sep. 29, 2010) ................................................ 6, 7

*Village Apartments Company, LP v. Asset Shelters Group, Inc.*, No. 07-CV-817,
2008 U.S. Dist. LEXIS 130710, 2008 WL 11414603, at *2 (D.N.M. Apr. 29, 2008 ... 6

*McShares, Inc. v. Barry*,
979 F. Supp. 1338, 1342 (D. Kan. 1997) ....................................................................... 7

*Scheall v. Ingram*,
930 F. Supp. 1448, 1449 (D. Colo 1996) ....................................................................... 7

*Kozel v. Okla. Dep't of Pub. Safety*, No. CIV-12-274-FHS,
2012 U.S. Dist. LEXIS 105400, at *5-6 (E.D. Okla. 2012) ....................................... 7, 8

*511 Couch Llc v. Travelers Prop. Cas. Co. of Am.*, No. CIV-14-1279-F,
2015 U.S. Dist. LEXIS 191881, at *20, 21 (W.D. Okla. 2015) .................................... 7

*Landman*, 896 F. Supp. at 409
citing *Production Stamping Corp. v. Maryland Casualty Co.*,
829 F. Supp. 1074, 1077 (E.D. Wis. 1993)..................................................................... 7

*Romero v. Knee*, No. CV 1:17-1273 RB-KBM,
2018 U.S. Dist. LEXIS 140192, at *5 (D.N.M. 2018) ................................................... 7

*Flowers v. Wagoner Cty Bd. of Cty. Comm'rs*, No. 20-cv-236-JFH,
2020 U.S. Dist. LEXIS 167153, at *4-5 (E.D. Okla. 2020) .......................................... 8

*Kirk Family Tr. v. Flint Ridge Prop. Owners Ass'n*, No. 08-CV-68-TCK-FHM,
2008 U.S. Dist. LEXIS 96832, at *9 (N.D. Okla. 2008) ............................................... 9

*PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*,

138 F.3d 65, 72 (2d Cir. 1998) ........................................................................... 9

*Kerobo v. Southwestern Clean Fuels, Corp.*,
285 F.3d 531, 535 (6th Cir. 2002) ..................................................................... 9

*Wilmington Air Ventures IV, Inc. v. Sw. Aviation Specialties, LLC*, No. 07-CV-280-JHP,
2007 U.S. Dist. LEXIS 45727, at *4-5 (N.D. Okla. 2007) ............................. 9

*Dutcher v. Matheson*,
733 F.3d 980, 988 (10th Cir. 2013) ......................................................... 10, 11

*Montano v. Allstate Indem.*,
2000 U.S. App. LEXIS 6852, 2000 WL 525592, at *1, 2 .............................. 10, 11, 13

*McLeod v. Cities Serv. Gas Co.*,
233 F.2d 242, 246 (10th Cir. 1956) ......................................................... 10, 11

*Accord Couch v. Astec Indus., Inc.*,
71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999) ............................................... 11

*Faith Temple, Inc. v. Church Mut. Ins. Co.*, No. CIV-20-13-G,
2020 U.S. Dist. LEXIS 131309, at *3-4 (W.D. Okla. 2020) ......................... 11

*Hernandez*, 73 F. Supp. 3d at 1336 (quoting *Smoot v. Chi., Rock Island & Pac. R.R.*, 378
F.2d 879, 882 (10th Cir. 1967) ...................................................................... 11

*Montano v. Allstate Indem.*, No. 99-2225,
2000 U.S. App. LEXIS 6852, 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000) ...... 11

*Batoff v. State Farm Ins. Co.*,
977 F.2d 848, 851-53 (3d Cir. 1992) .............................................................. 12

*Parret v. UNICCO Serv. Co.*,
2005 OK 54, ¶ 27, 127 P.3d 572, 579 ............................................................. 15

*Wells v. Okla. Roofing & Sheet Metal, L.L.C.*,
2019 OK 45, ¶ 24, 457 P.3d 1020, 1029 ........................................................ 15

**Statutes**

Texas Labor Code section 406.002 ................................................................... 1
28 U.S.C. Section 1446(b) ............................................................................... 3
28 U.S.C. § 1446(b)(2)(B) ............................................................................... 3
28 U.S.C. § 1441(a) ........................................................................................ 4
28 U.S.C. § 1332 ........................................................................................... 4, 5
28 U.S.C. § 1332(a)(1) .................................................................................. 4, 5
28 U.S.C. § 1446(b) ......................................................................................... 6
28 U.S.C. § 1446(b)(2)(A) ............................................................................... 8
28 U.S.C. § 116(b) ....................................................................................... 8, 9
28 U.S.C. § 1332(a) ....................................................................................... 10

## <u>INDEX OF EXHIBITS</u>

Exhibit No. 1          MVT Return of Service.............................................................. 3

Exhibit No. 2          Garcia Return of Service .......................................................... 3

Exhibit No. 3          Lima Affidavit of Service ......................................................... 3

Exhibit No. 4          Estrada Affidavit of Service...................................................... 3

Exhibit No. 5          DMT Return of Service............................................................. 3

Exhibit No. 6          Gaithe Return of Service ......................................................... 3

Exhibit No. 7          OEP MVT PLAN DOCUMENT ......................................... 13

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff respectfully moves this Court to remand the above matter to the District Court of Sequoyah County, Oklahoma, the court from which this matter was improperly removed by Defendants MVT Services, LLC ("MVT") and Defendant Juan Garcia. Defendants' removal was procedurally defective because they did not seek or obtain the consent of the four other defendants and they removed the case to the wrong District Court. Additionally, this case must be remanded for lack of subject-matter jurisdiction because Defendant Garcia is a properly joined, non-diverse defendant.

## I.      Background

### *Orlando Robles*

1.      Orlando Robles, the deceased, lived in El Paso, Texas with his wife Erika and their daughter. Orlando is also survived by his mother and other children.  He held a commercial driver's license and began working for OEP Holdings, LLC, a subsidiary of Defendant MVT, as a commercial motor vehicle driver in the fall of 2020. In October 2020, Mr. Robles was co-driving with other MVT drivers as he received on the job training for his new employment. However, at the time of this collision, Orlando Robles was off duty in the sleeper berth of the truck and was not in the course and scope of his employment.

2.      Defendant MVT does not carry Workers' Compensation insurance for its Texas Employees, so Mr. Robles chose to enroll in an employee benefit plan with Defendant MVT that would pay benefits in the event of his injury or death. MVT is not entitled to the exclusive remedy provision because it chose not to provide workers compensation coverage to Orlando Robles, under Texas Labor Code section 406.002.

*The Crash*

3.     On October 28, 2020, at about 4:00 a.m., Defendant Estrada was driving west on Interstate 40 approaching Roland, Oklahoma in a box truck owned by Defendant Lima Truck Sales. He stopped the truck on the highway, partially on the shoulder and partially in the right-hand lane.

4.     At the same time, Mr. Robles, was riding west on Interstate 40 in a tractor trailer furnished by Defendant MVT, driven by Defendant Garcia, an employee of Defendant MVT. Mr. Robles was off duty, taking his legally mandated rest break. While Mr. Robles was resting in the sleeper berth, Defendant Garcia crashed the tractor trailer into the rear of the stopped Lima Truck Sales box truck.

5.     Defendant Gaithe, an employee of Defendant DMT Services, was driving a tractor trailer westbound on Interstate 40, approaching the crash site of the Lima Truck Sales box truck and MVT tractor trailer. Defendant Gaithe crashed into the cab of the MVT tractor trailer with Orlando Robles inside.

6.     Orlando Robles died of injuries sustained in the collisions, leaving behind his spouse, children, and mother.

*The Lawsuit*

7.     On November 10, 2020, Plaintiff filed suit in Sequoyah County, Oklahoma, the county where the fatal crash took place. Sequoyah County lies in the Eastern District of Oklahoma.

8.     Before any party could conduct discovery or take a single deposition, Defendants MVT and Garcia filed their notice of removal in the Western District of

Oklahoma on December 4, 2020. Defendants MVT and Garcia have not obtained consent for removal from of any other defendant. 28   U.S.C.   Section   1446(b)   requires   "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph 1 to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Defendants Lima Truck Sales, Inc., Amilcar Estrada, DMT Services, Inc., and Mark Gaithe failed to consent to removal or join in the removal by the 30-day deadline.

| Party | Role | Residence | Date of Service | Consent to removal or Joinder in Removal by deadline |
|-------|------|-----------|-----------------|------------------------------------------------------|
| MVT Services, LLC | Defendant | New Mexico | 11/19/20[1] | Filed removal |
| Juan Garcia | Defendant | Texas | 11/14/20[2] | Filed removal |
| Lima Truck Sales, Inc. | Defendant | California | 11/19/20[3] | No |
| Amilcar Estrada | Defendant | California | 12/02/20[4] | No |
| DMT Services, Inc. | Defendant | Arkansas | 11/24/20[5] | No |
| Mark Gaithe | Defendant | Arkansas | 11/24/20[6] | No |

[1] See Exhibit 1 - MVT Return of Service
[2] See Exhibit 2 - Garcia Return of Service
[3] See Exhibit 3 - Lima Affidavit of Service
[4] See Exhibit 4 - Estrada Affidavit of Service
[5] See Exhibit 5 - DMT Return of Service
[6] See Exhibit 6 - Gaithe Return of Service

## II.  Argument & Authorities

9.  As a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature. *Henderson v. Holmes*, 920 F. Supp. 1184, 1185 (D. Kan. 1996). Defendants MVT and Garcia fail to meet the mandatory requirements of removal by: (1) removing the case to the wrong court; (2) failing to obtain consent of the other defendants; and (3) alleging fraudulent joinder even though plaintiff pleaded a viable claim against the non-diverse defendant.

### *The Law of Removal and Remand*

10.  Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only the power authorized by the Constitution and by statute. *See Willy v. Coastal Corp.*, 503 U.S. 131,136-37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (186). It is to be presumed that a cause lies outside this limited jurisdiction. *See Turner v. Bank of North America*, 4 U.S. 8, 11 (1799); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir 1995); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The burden of establishing to the contrary rests upon the party asserting jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

11.  Civil actions may only be removed if the federal court would have had original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). The Defendants' purported authority for this Court's original jurisdiction over the case is complete diversity under 28 U.S.C. § 1332. *See* ECF 1, ¶ 12.

12.  Subject-matter jurisdiction under § 1332(a)(1) requires complete diversity

4

among the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Complete diversity is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

13.   Plaintiff does not dispute the amount in controversy exceeds $75,000.00.

14.   Plaintiff is resident of Texas. In the Notice of Removal, Defendants admit that Defendant Garcia is a resident of Texas as well. *See* ECF 1, ¶ 7.

15.   "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction." *Bd of County Comm'rs of Boulder County v. Suncor Energy (U.S.A.) Inc.*, 965 F.3d 792, 813 (10th Cir. 2020). "Statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Id*. (quoting *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964)).

16.   "The presumption against jurisdiction also applies with full force to removal." *Id*. at 814; *see also Urban Financial REO, LLC v. Atwood*, No. 19-CV-39, 2019 U.S. Dist. LEXIS 154965, 2019 WL 4307128, at *1 (N.D. Okla. Sep. 11, 2009) ("the Court strictly construes the removal statute and, as a general matter, must resolve all doubts against removal.") (citing *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir.1982)); *see also Warner v. CitiMortgage, Inc.*, 533 Fed. Appx. 813, 816 (10th Cir. 2013); *see also Farmland Nat. Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx. 752, 756 (10th Cir. 2004).

17.   "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded . . . ." *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) (citation and quotation omitted).

***No Other Defendants Consented to Removal***

18.   None of the four non-removing Defendants have filed notice of their consent to removal of the case. Defendants Estrada, DMT Services, Inc., and Gaithe have filed answers in federal court, but have not consented to removal. Defendant Lima Truck was not even informed by Defendants MVT and Garcia that the case was removed and has not consented. *See* ECF 15, ¶ 4. Defendants MVT and Garcia do not explain their failure to obtain consent from any other defendant.

19.   28 U.S.C. Section 1446(b) requires "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A*); Knight v. Mooring Capital Fund, LLC*, 7449 F.3d 1180, 1183-84 (10th Cir. 2014). This requirement is commonly referred to as the "unanimity rule." *Bruning v. City of Guthrie, Okla.*, 101 F.Supp.3d 1142, 1144 (W.D. Okla. 2015). The lack of unanimous consent is a procedural defect warranting remand. *Maddox v. Delta Airlines*, No. 10-CV-456, 2010 U.S. Dist. LEXIS 104003, 2010 WL 3909228, at *4 (N.D. Okla. Sep. 29, 2010); see also *Farmland,* 98 Fed. Appx. at 756.

20.   The removing party has the burden of showing that removal was properly accomplished. *Village Apartments Company, LP v. Asset Shelters Group, Inc.*, No. 07-CV-817, 2008 U.S. Dist. LEXIS 130710, 2008 WL 11414603, at *2 (D.N.M. Apr. 29, 2008);

*McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997); *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo 1996).

21.   Each defendant must "independently and unambiguously" file their consent to removal. See *Kozel v. Okla. Dep't of Pub. Safety*, No. CIV-12-274-FHS, 2012 U.S. Dist. LEXIS 105400, at *5-6 (E.D. Okla. 2012). Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period. See *511 Couch Llc v. Travelers Prop. Cas. Co. of Am.*, No. CIV-14-1279-F, 2015 U.S. Dist. LEXIS 191881, at *21 (W.D. Okla. 2015) (citation omitted).

22.   "To comply with the requirements of the unanimity rule, the Court must actually receive acknowledgment of consent by each defendant; it will not be implied." *Maddox* 2010 U.S. Dist. LEXIS 104003, at *4. Filing an answer in federal court is not consent to removal. See *Landman*, 896 F. Supp. at 409 (and cases cited therein). "[A] party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal." *Landman*, 896 F. Supp. at 409 (citing *Production Stamping Corp. v. Maryland Casualty Co.*, 829 F. Supp. 1074, 1077 (E.D. Wis. 1993). See also *Romero v. Knee*, No. CV 1:17-1273 RB-KBM, 2018 U.S. Dist. LEXIS 140192, at *5 (D.N.M. 2018). When consent is not timely filed by each defendant, the removal is deficient, and remand is required. See *511 Couch Llc v. Travelers Prop. Cas. Co. of Am.*, No. CIV-14-1279-F, 2015 U.S. Dist. LEXIS 191881, at *21 (W.D. Okla. 2015).

23.   The Eastern District of Oklahoma addressed a very similar violation of the unanimity rule in September 2020 and ordered remand. In *Flowers*, the removing Defendants did not obtain, and did not explain their failure to obtain consent from the other

Defendants. *Flowers v. Wagoner Cty Bd. of Cty. Comm'rs*, No. 20-cv-236-JFH, 2020 U.S. Dist. LEXIS 167153, at *4-5 (E.D. Okla. 2020). The court held that it is Defendants' burden to prove the case has been properly removed, and that the court is required to construe 28 U.S.C. § 1446(b)(2)(A) strictly and resolve doubts in favor of remand. *Id.* When Defendants have not provided their consent to the removal, the removal is procedurally defective, and the case must be remanded. *Id.*

24.    In *Kozel v. Oklahoma Department of Public Safety*, 2012 WL 3101403 (E.D. Okla. July 30, 2012), the Court addressed a motion to remand alleging that not all of the defendants consented to the removal. In consideration of the unanimity rule, the burden on removing defendants and the presumption against removal, the Court found that it was appropriate to follow the majority rule that requires each defendant to independently file its consent to the removal. *Id*. at *2. The Court thus found insufficient a statement in the notice of removal that the other defendants did not object to removal. *Id*. Because the removal was procedurally defective, the Court granted the motion to remand. *Id*. at *3.

25.    Just as in *Flowers* and *Kozel*, Defendants MVT and Garcia did not obtain the consent of the non-removing Defendants. Therefore, Defendants MVT and Garcia fail to meet the burden to prove that removal is proper, and the case must be remanded.

***Defendants Removed this Case to the Wrong District Court***

26.    There is no question that, had this case been removable, Defendants should have removed this case to the Eastern District of Oklahoma. The Western District has no connection to the events of the crash, or the parties involved. Sequoyah County, the county of the original suit and location of the crash, is in the Eastern District of Oklahoma. 28

U.S.C. § 116(b). In their pleadings, Defendants' state that the Eastern District is the proper venue. *See* ECF 1, ¶ 13.

27.   Removal is "clearly defective" when a case is removed to the wrong court. See *Kirk Family Tr. v. Flint Ridge Prop. Owners Ass'n*, No. 08-CV-68-TCK-FHM, 2008 U.S. Dist. LEXIS 96832, at *9 (N.D. Okla. 2008). Both the clear statutory language and the weight of authority support the proposition that defendants may not remove a state court action to a district court outside the federal district in which the state court is seated. *See PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998) ("[A] party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that "embracing" the state court in which the action was brought."); *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court…for the district and division embracing the place where [the state court] action [was] pending.'"). *Wilmington Air Ventures IV, Inc. v. Sw. Aviation Specialties, LLC*, No. 07-CV-280-JHP, 2007 U.S. Dist. LEXIS 45727, at *4-5 (N.D. Okla. 2007).

28.   In addition to failing comply with the requirement to obtain consent from all defendants who have been properly joined and served, which requires remand, the case is not properly before the Western District of Oklahoma and provides additional grounds for remanding this case to the State District Court of Sequoyah County, Oklahoma.

*Complete Diversity Does Not Exist Between Parties*

29.   While this case should be remanded as set out above, complete diversity does not exist does not exist under 28 U.S.C. § 1332(a). Defendants' claim this court has jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity among the parties—i.e., the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). The citizenship of the named parties is undisputed. Plaintiff and Defendant Garcia are both citizens of Texas. The material issue is whether Defendants MVT and Garcia have been fraudulently joined.

*Defendants Cannot Meet the Heavy Burden of Proving Fraudulent Joinder*

30.   Significant, unresolved questions of fact and law prevent Defendants from meeting the heavy burden of proof for fraudulent joinder.

31.   The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendants against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. See *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

32.   The party asserting fraudulent joinder bears the burden of proof. See *Montano v. Allstate Indem.*, 2000 U.S. App. LEXIS 6852, 2000 WL 525592, at *1 ("The case law places a heavy burden on the party asserting fraudulent joinder.").

33.   To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty. See *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)("[F]raudulent joinder

must be pleaded with particularity and proven with certainty.")(citation omitted). *Accord Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999).

34.    "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* At *1147. (alteration and internal quotation marks omitted); see also *Faith Temple, Inc. v. Church Mut. Ins. Co.*, No. CIV-20-13-G, 2020 U.S. Dist. LEXIS 131309, at *3-4 (W.D. Okla. 2020).

35.    Where, as here, removal is premised on the second basis, the removing party must demonstrate "[t]he non-liability of the defendant[] alleged to be fraudulently joined . . . with 'complete certainty.'" *Hernandez*, 73 F. Supp. 3d at 1336 (quoting *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir. 1967)). "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal quotation marks omitted). "But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (citation and internal quotation marks omitted). Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"— must be resolved in favor of remand. *Montano v. Allstate Indem.*, No. 99-2225, 2000 U.S. App. LEXIS 6852, 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000) (internal quotation marks omitted); *Dutcher*, 733 F.3d at 988.

36.    In this case, resolving disputed questions of fact and law in favor of remand makes it impossible for Defendants to meet the burden of proving with complete certainty the inability of Plaintiff to establish a cause of action against Defendants MVT and Garcia. The evidence currently available to the parties is limited. The unresolved questions of fact and law need to be addressed in state court through discovery, depositions, and litigation. A non-exhaustive list of the unresolved questions of fact and law demonstrates this point:

- Under Oklahoma conflict of law doctrine for torts, which state's laws should be applied?

- Was Mr. Robles acting in the course and scope of employment when he was off duty, not on the clock, on a legally mandated rest break, resting in a sleeper berth?

- Is Defendant Garcia liable in an individual capacity, beyond his employment with MVT?

- Does Defendant MVT even have an applicable Worker's Compensation policy?

- Can Defendant MVT claim protection under an Oklahoma Worker's Compensation policy against a Texas employee who elected to participate in a Texas employee benefits plan rather than Worker's Compensation?

- Does an Oklahoma Worker's Compensation policy preempt Plaintiff's allegations that Defendants took willful, wanton, and intentional actions which Defendants knew were certain or substantially certain to result in Mr. Robles' death?

37.    Answering these questions to the complete certainty standard of fraudulent joinder will take extensive discovery and litigation. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992).

38.   For the purpose of this motion, however, each disputed question of fact and law must be resolved in favor of the non-removing party. *Montano v. Allstate Indemnity*, 2000 U.S. App. LEXIS 6852, 2000 WL 525592, at *1 (10th Cir. April 14, 2000). Resolving disputed questions of fact and law in this case means that this Court must assume, for example, that there is no applicable Worker's Compensation policy; that Mr. Robles was not in the course and scope of employment; and that Plaintiff's allegations are not preempted by the Oklahoma Worker's Compensation Act.

39.   The question of whether a worker's compensation policy would provide coverage for Orlando Robles is made even more complicated in that Orlando Robles was hired in Texas by OEP Holdings, LLC ("OEP") which is a Texas Domestic Limited Liability Corporation with its Principal Place of business located at 5715 Cromo Drive, EL Paso, Texas 79912. As part of his employment, Orlando Robles was notified that OEP Holdings, LLC 1155 N Zaragoza, Suite C106, El Paso, Texas 79907 (hereinafter referred to as the "Company") had adopted an Occupational Injury Benefit Plan ("Plan") **for the exclusive benefit of certain of its employees whose principal place of employment is in the State of Texas. The Company has rejected coverage for its Texas employees under the Texas Workers' Compensation Act** and hereby adopts this Plan effective as of January 1, 2015, to provide the benefits as set forth herein. (emphasis added).[7] By electing under Texas law to reject workers compensation coverage for Texas employees, Defendants MVT and Garcia are not protected by the exclusive remedy provision.

---

[7] See Exhibit 7 - OEP MVT PLAN DOCUMENT

40.   Defendants provided no evidence to support their claim that Mr. Robles was covered under any workers compensation policy and did not disclose that Defendants had rejected workers compensation coverage for Texas employees such as Orlando Robles. Moreover, the self-serving affidavit provided by Rosanna Castro does not meet Defendants burden to prove their non-liability with complete certainty.  The affidavit lacks foundation and contains conclusory statements from a proposed witness with no personal knowledge of the incident or what was occurring at the time of the incident. Further the affidavit, and the only evidence presented, fails to address the workers compensation/employee benefit plan coverage issue and does not address whether the acts of the Defendants may fall under *Parret–Wells* exception to any Workers' Compensation exclusive remedy.

41.   The unresolved questions of fact and law make it impossible for Defendants to meet the burden of fraudulent joinder by proving with complete certainty the inability of Plaintiff to establish a cause of action against Defendant Garcia. Therefore, the case must be remanded.

### *Plaintiff Pleaded a Viable Claim Against Defendant Garcia Under Oklahoma's Workers' Compensation Law*

42.   Ignoring, *arguendo*, Defendant's defective removal and the disputed questions of fact and law, assuming Mr. Robles was in the course and scope of employment, and assuming that Oklahoma Workers' Compensation law applies, and even assuming that Defendant MVT had a valid, applicable Workers' Compensation insurance policy, Plaintiff still has plead a viable claim that is not preempted by the Oklahoma Workers' Compensation Act. Plaintiff pleaded that Defendants took willful, wanton, and intentional

actions which Defendants knew were certain or substantially certain to result in Mr. Robles' death. Plaintiff's pleading meets the *Parret–Wells* exception to Workers' Compensation preemption, giving her a viable claim against Defendants Garcia and MVT that must be remanded to state court.

43.   In *Parret*, the Oklahoma Supreme Court adopted the "substantial certainty" test for the intentional tort exception to workers' compensation exclusivity, refusing to apply a stricter standard of intent to a worker's tort claim against the employer than the Restatement standard of intent which would be applied to any other intentional tort. *Parret v. UNICCO Serv. Co.*, 2005 OK 54, ¶ 27, 127 P.3d 572, 579.

44.   *Wells* reaffirmed the *Parret* standard by holding that the willful, deliberate, specific intent of the employer to cause injury, and those injuries that an employer knows are substantially certain to occur, are both intentional torts that are not within the scheme of the workers' compensation system or its jurisdiction. *Wells v. Okla. Roofing & Sheet Metal, L.L.C.*, 2019 OK 45, ¶ 24, 457 P.3d 1020, 1029. The *Wells* decision also elaborated that an employer's conduct and the surrounding circumstances can be established through circumstantial evidence. *Id.*

45.   In both *Parret* and *Wells*, the Oklahoma Supreme Court held that the alleged conduct in each case was an exception Workers' Compensation preemption. In *Parret*, a worker died when he was electrocuted while replacing emergency lights at a job site as ordered to do by his employer even though the employee knew that the lights were "hot or energized." In *Wells*, an employee was working on a roof when his employer required him to unhook his safety line; he walked a short distance unhooked before falling to his death.

46.   Plaintiff pleaded, among other theories, that Defendant Garcia intentionally drove while fatigued, that Defendant MVT allowed or instructed Defendant Garcia to drive while fatigued and that Defendant MVT furnished a vehicle to Defendant Garcia at a time when it knew or should have known Defendant Garcia was not a careful, safe or competent driver and as a result thereof, persons, including, Orlando Robles were likely to be injured. To make a comparison to *Wells*, adequate rest is the safety line of truckers. Defendant MVT instructing or allowing Defendant Garcia to drive while fatigued is as deliberate and certainly dangerous as ordering the release of a safety line while working on a roof. Therefore, Plaintiff's allegations fall under the *Parret-Wells* exception to Workers' Compensation preemption and can be pursued in state court.

47.   This is one example of the many viable claims Plaintiff pleaded that defeats the assertion of fraudulent joinder. Each of the other theories that Plaintiff pleaded against Defendants MVT and Garcia also fit the *Parret-Wells* exception. Defendant bears the burden of proving that Plaintiff has no possibility of recovery under any of the theories pleaded. Combined with the resolution of disputed questions of law and fact in favor of the non-removing party, Defendant cannot meet the heavy burden of proving fraudulent joinder. Therefore, the case must be remanded.

### III.   Conclusion

48.   Defendants' removal was procedurally defective because they removed the case to the wrong District Course and did not obtain the consent of any other defendant. Defendant Garcia is a properly joined party; there is not complete diversity, so this Court lacks subject-matter jurisdiction. Defendants have not and cannot meet the heavy burden

of proving that Defendants Garcia and MVT were fraudulently joined. Plaintiff has pleaded viable claims against Defendants Garcia and MVT that are not preempted by the Oklahoma Workers' Compensation Act. Given that all unresolved questions of law and factor must favor remand, Defendants cannot prove that Plaintiff has no possibility of recovery under her asserted claims.

49.   For these reasons, removal was improper, and the case must be remanded to the District Court of Sequoyah County, Oklahoma.

Respectfully submitted,

*/s/ Jason Medina*
Jason Medina, OBA #30343
GLASHEEN, VALLES, & INDERMAN, LLP
1302 Texas Avenue (79401)
P.O. Box 1976
Lubbock, Texas 79408
Tel: (806) 776-1332
Fax: (806) 329-0595
Email: efile.jmedina@gvilaw.com

*AND*

KELLY BISHOP, OBA #15159
T. LUKE ABEL, OBA #21094
ABEL LAW FIRM
900 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 239-7046
(405) 418-0833 (fax)
kbishop@abellawfirm.com
label@abellawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 4th day of January, 2021, the foregoing was filed electronically pursuant to CM/ECF procedures for the Western District of Oklahoma, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Jason Goodnight
Jennifer Ary Brown
Phillip B. Wilson
FRANDEN FARRIS QUILLIN GOODNIGHT & ROBERTS
Two West Second Street, Suite 900

Tulsa, OK 74103-3101
jgoodnight@tulsalawyer.com
jary@tulsalawyer.com
pwilson@tulsalawyer.com
*Attorneys for Defendants MVT Service, LLC and Juan Garcia*

Christy Comstock
WALES Comstock
P.O. Box 10018
2434 E. Joyce Blvd., Suite 6
Fayetteville, AR 72703
T. 479.439.8088 | F. 866.365.7070
Christy@walescomstock.com
*Attorneys for Defendants DMT Services, Inc. and Mark Gaithe*

D. Todd Riddles
Gregory D. Winningham
Tyler J. Coble
CHEEK LAW FIRM, P.L.L.C.
311 North Harvey Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 272-0621
Facsimile: (405) 232-1707
triddles@cheeklaw.com
gwinningham@cheeklaw.com
tcoble@cheeklaw.com
*Attorney for Defendant Lima Truck Sales, Inc.*

                                        */s/ Jason Medina*
                                        Jason Medina

# Exhibit No. 1

# MVT Return of Service

## RETURN OF SERVICE

**State of Oklahoma**          **County of Sequoyah**          **District Court**

Case Number: CJ-20-137

Plaintiff:

**ERICA ROBLES, surviving next of kin of ORLANDO ROBLES, deceased,**

vs.

Defendant:

**MVT SERVICES LLC, JUAN GARCIA, LIMA TRUCK SALES, INC., AMILACAR ESTRADA, DVT SERVICES, INC., and MARK GAITHE,**

Received by ALESIA C. GRISWOLD on the 18th day of November 2020 at 10:50 am to be served on **MVT SERVICES, LLC, by serving registered agent, Steven J. Blanco.**

I, ALESIA C. GRISWOLD, do hereby affirm that on the **19th day of November, 2020 at 10:20 am, I:**

**INDIVIDUALLY/PERSONALLY** delivered by delivering a true copy of the **SUMMONS** with the date of service endorsed thereon by me, to: **MVT SERVICES, LLC, registered agent, Steven J. Blanco at the address of 5715 Cromo Dr., TX 79912** and informed said person of the contents therein, in compliance with state statures.

"My name is Alesia C. Griswold and my date of birth is July 23, 1960, and my address is 975 Gloria, El Paso, Texas, 79907, and El Paso County.  I declare under penalty of perjury that the foregoing is true and correct.  Executed in El Paso County, State of Texas, on the 20th day of November, 2020.  Alesia C. Griswold, declarant."

**ALESIA C. GRISWOLD**

PSC #9865, EXP. 9/30/2022

**PLAINTIFF'S EXHIBIT**

1

# IN THE DISTRICT COURT OF SEQUOYAH COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| ERIKA ROBLES, surviving next of kin of ORLANDO ROBLES, deceased, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. CJ-20- 137 |
| MVT SERVICES LLC, JUAN GARCIA, LIMA TRUCK SALES, INC., AMILCAR ESTRADA, DMT SERVICES, INC., and MARK GAITHE, | ) ) ) ) ) |
| Defendants. | ) ) |

## SUMMONS

To the above-named Defendant(s): MVT Services, LLC, by and through its registered agent for service, Steven J. Blanco, 5715 Cromo Drive, El Paso, TX 79912

You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this _____10th_____ day of November, 2020

(SEAL)

Attorney(s) for Plaintiff(s):

Jason Medina
GLASHEEN, VALLES & INDERMAN, LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401

KELLY BISHOP, OBA #15159
T. LUKE ABEL, OBA #21094
ABEL LAW FIRM
900 N.E. 63rd Street
Oklahoma City, Oklahoma 73105

VICKI BEATY, COURT CLERK

Kristina Morgan
Deputy

This summons was served on _____

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATLEY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

# Exhibit No. 2

# Garcia Return of Service

SEQUOYA COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT

**NOV 17 2020**

VICKI BEATY, COURT CLERK

BY_____DEPUTY

## RETURN OF SERVICE

State of Oklahoma        County of Sequoyah        District Court

Case Number: CJ-20-137

Plaintiff:

**ERICA ROBLES, surviving next of kin of ORLANDO ROBLES, deceased,**

vs.

Defendant:

**MVT SERVICES LLC, JUAN GARCIA, LIMA TRUCK SALES, INC., AMILACAR ESTRADA, DMT SERVICES, INC., and MARK GAITHE,**

Received by ALESIA C. GRISWOLD on the 10th day of November, 2020 at 8:20 pm to be served on **JUAN GARCIA**

I, ALESIA C. GRISWOLD, do hereby affirm that on the **14th day of November, 2020 at 3:00 am, I:**

**INDIVIDUALLY/PERSONALLY** delivered by delivering a true copy of the **SUMMONS** with the date of service endorsed thereon by me, to: **JUAN GARCIA at the address of 14208 NARCISO DR. HORIZON, TX 79928** and informed said person of the contents therein, in compliance with state statures.

"My name is Alesia C. Griswold and my date of birth is July 23, 1960, and my address is 975 Gloria, El Paso, Texas, 79907, and El Paso County. I declare under penalty of perjury that the foregoing is true and correct. Executed in El Paso County, State of Texas, on the 14th day of November, 2020. Alesia C. Griswold, declarant."

*Alesia C. Griswold*

**ALESIA C. GRISWOLD**

PSC #9865, EXP. 9/30/2022

**PLAINTIFF'S EXHIBIT**

**2**

Scanned with CamScanner

## IN THE DISTRICT COURT OF SEQUOYAH COUNTY
## STATE OF OKLAHOMA

ERIKA ROBLES, surviving next of kin of ) 
ORLANDO ROBLES, deceased, )
                                     )
          Plaintiff, )
                                       )
vs. )    Case No. CJ-20-137
                                       )
MVT SERVICES LLC, JUAN GARCIA, )
LIMA TRUCK SALES, INC., AMILCAR )
ESTRADA, DMT SERVICES, INC., and )
MARK GAITHE, )
                                       )
          Defendants. )

## SUMMONS

To the above-named Defendant(s): Juan Garcia at 14208 Narciso Dr., Horizon, TX 79928

     You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

     Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this _____10th_____ day of November, 2020

(SEAL)

VICKI BEATY, COURT CLERK

*Kristina Morgan*

Deputy

Attorney(s) for Plaintiff(s):

Jason Medina
GLASHEEN, VALLES & INDERMAN, LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401

KELLY BISHOP, OBA #15159
T. LUKE ABEL, OBA #21094
ABEL LAW FIRM
900 N.E. 63rd Street
Oklahoma City, Oklahoma 73105

This summons was served on _November 14, 2020_
_@ 3P_

_(Aleria Driswold)_
(Signature of person serving summons)
_PSC#9865_
_exp. 9/30/2022_

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATLEY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

# Exhibit No. 3

# Lima Affidavit of Service

## IN THE DISTRICT COURT OF SEQUOYAH COUNTY, STATE OF OKLAHOMA

ERIKA ROBLES

    Plaintiff,

  -vs-

MVT SERVICES LLC

    Defendant

Case No: CJ-20-137

### AFFIDAVIT OF SERVICE

State of _California_     )
            )
County of _San Bernardino_   )

The undersigned being duly sworn, deposes and says:

I am over the age of 18 and not a party to this action. My address is: 2026 N. Riverside Ave. C230, Rialto, CA 92377

That on  11/19/20 @ 7:37am, deponent served the within **Summons & Petition** upon LIMA TRUCK SALES, INC. by personal service on Milder Ercid Lima- agent for service of process  at 14951 El Molina St., Fontana, CA 92335 .

_____
Signature of person serving papers

_TRENT MACKIE_      **Trent Mackie**
Printed Name        **Registered Process Server**
           **San Bernardino County #534**

Sworn to before me this _____

day of _____

_____

Notary Public

See Attac
Notarial Cer

**PLAINTIFF'S
EXHIBIT**

**3**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Bernardino

Subscribed and sworn to (or affirmed) before me on this 24 day of November , 20 20 , by Trent Mackie

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

GINA GOMEZ
Notary Public - California
San Bernardino County
Commission # 2161332
My Comm. Expires Aug 2, 2020

(Seal) The notary commission extended pursuant to Executive Order N-63-20.

Signature

## IN THE DISTRICT COURT OF SEQUOYAH COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| ERIKA ROBLES, surviving next of kin of<br>ORLANDO ROBLES, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CJ-20-137 |
| | ) | |
| MVT SERVICES LLC, JUAN GARCIA,<br>LIMA TRUCK SALES, INC., AMILCAR<br>ESTRADA, DMT SERVICES, INC., and<br>MARK GAITHE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

To the above-named Defendant(s): Lima Truck Sales, Inc., by and through its registered agent for service, Milder Ercid Lima, 14951 El Molina St., Fontana, CA 92335

  You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

  Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this _____10th_____ day of November, 2020

(SEAL)

Attorney(s) for Plaintiff(s):

Jason Medina
GLASHEEN, VALLES & INDERMAN, LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401

KELLY BISHOP, OBA #15159
T. LUKE ABEL, OBA #21094
ABEL LAW FIRM
900 N.E. 63rd Street
Oklahoma City, Oklahoma 73105

VICKI BEATY, COURT CLERK

*Kristina Morgan*

This summons was served on _____

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATLEY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

**Exhibit No. 4**

**Estrada Affidavit of Service**

## IN THE DISTRICT COURT OF SEQUOYAH COUNTY, STATE OF OKLAHOMA

ERIKA ROBLES

            Plaintiff,

   -vs-

MVT SERVICES LLC

            Defendant

Case No: CJ-20-137

### AFFIDAVIT OF SERVICE

State of _California_ )

County of _Los Angeles_ )

The undersigned being duly sworn, deposes and says:

I am over the age of 18 and not a party to this action. My address is: 2026 N. Riverside Ave. C230, Rialto, CA 92377

That on  12/2/20 @ 8:22am. deponent served the within **Summons & Petition** upon AMILCAR ESTRADA by personal service on Amilcar Estrada  at 9169 Galangal Ave., Hesperia, CA 92344

_____
Signature of person serving papers

Printed Name      Trent Mackie
                 Registered Process Server
                 San Bernardino County #534

Sworn to before me this _2nd_

day of _December, 2020_

_____
Notary Public

JOLEEN MURRIETA
Notary Public – California
Los Angeles County
Commission # 2230362
My Comm. Expires Feb 5, 2022

**PLAINTIFF'S EXHIBIT**

4

## IN THE DISTRICT COURT OF SEQUOYAH COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| ERIKA ROBLES, surviving next of kin of | ) | |
| ORLANDO ROBLES, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CJ-20-137 |
| | ) | |
| MVT SERVICES LLC, JUAN GARCIA, | ) | |
| LIMA TRUCK SALES, INC., AMILCAR | ) | |
| ESTRADA, DMT SERVICES, INC., and | ) | |
| MARK GAITHE, | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

To the above-named Defendant(s): Amilcar Estrada located at 9162 Galangal Ave., Hesperia, CA 92344

You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this _____15th_____ day of November, 2020

(SEAL)

Attorney(s) for Plaintiff(s):

Jason Medina
GLASHEEN, VALLES & INDERMAN, LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401

KELLY BISHOP, OBA #15159
T. LUKE ABEL, OBA #21094
ABEL LAW FIRM
900 N.E. 63rd Street
Oklahoma City, Oklahoma 73105

VICKI BEATY, COURT CLERK

Kristina Morgan
Deputy

This summons was served on _____

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATLEY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

# Exhibit No. 5

# DMT Return of Service

**IN THE DISTRICT COURT OF SEQUOYAH COUNTY**
**STATE OF OKLAHOMA**

ERIKA ROBLES, surviving next of kin of )
ORLANDO ROBLES, deceased, )
)
      Plaintiff, )
)
vs. )   Case No. CJ-20-137
)
MVT SERVICES LLC, JUAN GARCIA, )
LIMA TRUCK SALES, INC., AMILCAR )
ESTRADA, DMT SERVICES, INC., and )
MARK GAITHE, )
)
      Defendants. )

## SUMMONS

To the above-named Defendant(s): DMT Services Inc., by and through its registered agent for service, Charles E. Young, III, 103 North College, Suite 2, Fayetteville, AR 70701

    You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

    Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this _____10th_____ day of November, 2020

(SEAL)

Attorney(s) for Plaintiff(s):

Jason Medina
GLASHEEN, VALLES & INDERMAN, LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401

KELLY BISHOP, OBA #15159
T. LUKE ABEL, OBA #21094
ABEL LAW FIRM
900 N.E. 63rd Street
Oklahoma City, Oklahoma 73105

VICKI BEATY, COURT CLERK
_Kristina Morgan_
    Deputy

**PLAINTIFF'S EXHIBIT**
5

This summons was served on ___Christy ComStock___

(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED
WITH THIS SUIT OR YOUR ANSWER SUCH ATTORNEY SHOULD BE CONSULTED
IMMEDIATLEY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT
STATED IN THE SUMMONS.

Case No. _____.
This summons is for Defendant _____.

## PROOF OF SERVICE

[ ] On _____ I personally delivered the summons and complaint to the defendant at
_____
_____; or

[ ] After making my purpose to deliver the summons and complaint clear, on _____ I left the
summons and complaint in the close proximity of the defendant by
_____ (describe how the summons and complaint was left) after
he/she refused to receive it when I offered it to him/her; or

[ ] On _____ I left the summons and complaint with
_____, a member of the defendant's family at least 18 years of age, at
_____ a place where
the defendant resides; or

[✓] On **11/24/20** I delivered the summons and complaint to
**Christy ComStock**, an agent authorized by appointment or by law to receive service of
summons on behalf of Defendant **DMt Services** on _____; or

[ ] On _____ at
_____ (address), where the defendant
maintains an office or other fixed location for the conduct of business, during normal working hours I left the
summons and complaint with _____; or

[ ] I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and
complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the
attached signed return receipt.

[ ] I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I mailed a copy of the summons
and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and
received the attached notice and acknowledgement form within twenty days after the date of mailing.

[ ] Other: _____

[ ] I was unable to execute service because:
_____
_____
_____

My fee is $ _____

Our file _____

To be completed if service is by sheriff or deputy sheriff:

Date: _____          SHERIFF

                                         By: _____
                                             [Signature of server]

                                         _____
                                         [Printed name, title, and badge number]

To be completed if service is by a person other than the sheriff of deputy sheriff:

Date: 12/3/20                            By: _____
                                             [Signature of server]

                                         _____
                                         [Printed name]

Address: __12373 GRANTS PASS ROAD__
         PRAIRIE GROVE, AR 72753
         (479) 799-4209

Phone: _____

Subscribed and sworn to before me this date: 12-3-20

_____
Notary Public

My commission expires: 06052027

Additional information regarding service or attempted service:

_____

_____


Ourfile _____

**Exhibit No. 6**

**Gaithe Return of Service**

## IN THE DISTRICT COURT OF SEQUOYAH COUNTY
## STATE OF OKLAHOMA

ERIKA ROBLES, surviving next of kin of )
ORLANDO ROBLES, deceased, )
                             )
        Plaintiff, )
                             )
                             )    Case No. CJ-20-137
VS. )
                             )
MVT SERVICES LLC, JUAN GARCIA, )
LIMA TRUCK SALES, INC., AMILCAR )
ESTRADA, DMT SERVICES, INC., and )
MARK GAITHE, )
                             )
        Defendants. )

## SUMMONS

To the above-named Defendant(s): Mark Gaithe located at 1714 Twin Oaks Dr., Van Buren, AR 72956

    You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

    Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this _____10th_____ day of November, 2020

(SEAL)

Attorney(s) for Plaintiff(s):

Jason Medina
GLASHEEN, VALLES & INDERMAN, LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401

KELLY BISHOP, OBA #15159
T. LUKE ABEL, OBA #21094
ABEL LAW FIRM
900 N.E. 63rd Street
Oklahoma City, Oklahoma 73105

VICKI BEATY, COURT CLERK
Kristina Morgan

**PLAINTIFF'S EXHIBIT**

6

This summons was served on _Christy Comstock_

_____

(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATLEY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

Case No. _____
This summons is for Defendant _____

## PROOF OF SERVICE

[ ] On _____ I personally delivered the summons and complaint to the defendant at

_____ ; or

[ ] After making my purpose to deliver the summons and complaint clear, on _____ I left the summons and complaint in the close proximity of the defendant by

_____ (describe how the summons and complaint was left) after he/she refused to receive it when I offered it to him/her; or

[ ] On _____ I left the summons and complaint with

_____ , a member of the defendant's family at least 18 years of age, at

_____ a place where the defendant resides; or

[ ✗On   11/24/20 _____ I delivered the summons and complaint to Christy ComStock _____ an agent authorized by appointment or by law to receive service of summons on behalf of Defendant  Mark Gaithe  on _____ ; or

[ ] On _____ at

_____ (address), where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ ; or

[ ] I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

[ ] I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgement form within twenty days after the date of mailing.

[ ] Other: _____

[ ] I was unable to execute service because:

_____

_____

_____

My fee is $ _____

Ourfile _____

To be completed if service is by sheriff or deputy sheriff:

Date: _____     SHERIFF

                                    By: _____
                                         [Signature of server]

                                    _____
                                    [Printed name, title, and badge number]

To be completed if service is by a person other than the sheriff of deputy sheriff:

Date: 12/3/20 _____     By: _____
                                 [Signature of server]

                             _____
                             [Printed name]

Addr _____

        **12373** GRANTS PASS ROAD
        PRAIRIE GROVE, AR 72753
             (479) 799-4209
Phone: _____

Subscribed and sworn to before me this date: 12-3-20

                    _____
                         Notary Public

My commission expires: 06052027 _____

Additional information regarding service or attempted service:

_____

_____


Ourfile _____

# Exhibit No. 7

# OEP MVT PLAN DOCUMENT

# OEP HOLDINGS, LLC

# Occupational Injury Benefit Plan

# January 1, 2015
**(revised July 1, 2019)**

# OFFICIAL PLAN DOCUMENT
**PLAN NO. 502**

**PLAINTIFF'S EXHIBIT**

7

# OEP HOLDINGS, LLC
# OCCUPATIONAL INJURY BENEFIT PLAN

OEP Holdings, LLC 1155 N Zaragoza, Suite C106, El Paso, Texas 79907 (hereinafter referred to as the "Company") has adopted an Occupational Injury Benefit Plan ("Plan") for the exclusive benefit of certain of its employees whose principal place of employment is in the State of Texas. The Company has rejected coverage for its Texas employees under the Texas Workers' Compensation Act and hereby adopts this Plan effective as of January 1, 2015, to provide the benefits as set forth herein.

This Plan provides certain specified benefits for injuries solely arising from workplace accidents. The benefits set forth below are "excepted benefits" under the terms of certain statutes, including without limitation, the Public Health Service Act (42 U.S.C. § 300gg-91) and the Health Insurance Portability and Accountability Act of 1996 (sec. 706(c)).

## PLAN ADMINISTRATOR

The Company shall serve as the Plan Administrator for all purposes under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, though it may appoint an individual or committee to act as Plan Administrator as stated herein.  A Claims Administrator may be appointed by the Company or Plan Administrator to carry out the day-to-day responsibility for administration of the Plan.

## FIDUCIARIES AND
## PLAN RESPONSIBILITIES

The Company and the Plan Administrator are fiduciaries whose duties and responsibilities are described herein.

## FUNDING POLICY

The Company shall have no obligation but shall have the right to obtain insurance contracts with one or more insurers in order to provide funds to the Company to reimburse the Company for or to pay certain benefits under this Plan.  Any such insurance contract shall be owned by the Company and no Participant shall have any interest in or right to any benefits payable under such contract.  The Company shall have no obligation to establish any fund or trust for the payment of benefits under this Plan.

## ARTICLE I
## DEFINITIONS

Certain words used in this document have specific meanings. These terms will be capitalized throughout the document. The definition of any word, if not defined in the text where it is used, may be found in this Definitions section.